MATTHEW Z. CROTTY
Crotty & Son Law Firm, PLLC
905 West Riverside, Suite 404
Spokane, WA 99201-0300
Telephone: 509.850.7011

THOMAS G. JARRARD
The Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington
Spokane, WA 99201
Telephone: 425.239.7290

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CALEB GUTTING,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>SEA CON, LLC,<br>　　　　　　　Defendant. | NO. _____<br><br>COMPLAINT FOR VIOLATIONS OF USERRA, DEMAND FOR DAMAGES, AND TRIAL BY JURY<br><br>**EXEMPT FROM FILING FEES UNDER 38 U.S.C. § 4323(h)(1)** |

**COMES NOW** Plaintiff, Caleb Gutting, through his attorneys, and alleges as follows:

### I.   PARTIES AND JURISDICTION

1.1   Plaintiff Caleb Gutting worked within the Western District of Washington at all times pertinent hereto.

1.2   Defendant doing business as, SEA CON, LLC is registered to do business in the State of Washington under UBI 601 999 210 and maintains a place of business at 165 NE Juniper Street, Issaquah, Washington 98027-2518.

1.3   All acts complained of occurred in the Western District of Washington.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 1

1.4     The Federal Court for the Western District of Washington has jurisdiction over this matter under 38 U.S.C. § 4323(b)(1)-(3), 28 U.S.C. § 1331, and 28 U.S.C. §1367.

1.5     Venue is proper in the Federal Court for the Western District of Washington under 38 U.S.C. § 4323(c)(1)-(2) and the Defendant exercised authority in this judicial district.  This Court has personal and subject matter jurisdiction.

## II.     FACTS

2.1     Plaintiff incorporates the above paragraphs as set forth verbatim herein.

2.2     Defendant hired Mr. Gutting on or about October 15, 2015.

2.3     Defendant hired Mr. Gutting to work as a Construction Superintendent.  At the time of his hire SEA CON employed between 10-15 Construction Superintendents.  Of those Construction Superintendents, Mr. Gutting was the only one who served in the military reserves.

2.4     At all times relevant to this lawsuit Mr. Gutting served in the Washington Air National Guard.

2.5     From the 2015 to the early-2017 timeframe Mr. Gutting initially worked for SEA CON in the Spokane, Washington area.  During that timeframe Mr. Gutting's military obligations were generally one weekend per month plus two weeks each year (with additional domestic operations occasionally supporting the FEMA Region 10 Homeland Response Force).  And during this timeframe Mr. Gutting's immediate supervisor Eric Reese supported Mr. Gutting's military obligations.  In fact, Mr. Gutting nominated SEA CON and Mr. Reese for an Employer Support for Guard and Reserve (ESGR) award.

2.6     SEA CON transferred Mr. Gutting to the Seattle, Washington area in the Spring of 2017.

2.7     Once in Seattle, Mr. Gutting began hearing negative comments regarding his military service obligations.  Those comments were made by, among others, Brian Yandell.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 2

2.8 During the early 2017 timeframe, while discussing a pay increase, Mr. Yandell said, to Mr. Gutting, words to the effect of "there is legally nothing we can do about your military service, but that doesn't mean there isn't anything we can do." The tone of Mr. Yandall's voice made clear that the company was not too pleased about Mr. Gutting's military obligations.

2.9 Mr. Yandell did not give Mr. Gutting the pay increase that Mr. Gutting requested.

2.10 In the late 2017 timeframe, Mr. Gutting learned of an upcoming Air National Guard mobilization.

2.11 Mr. Gutting immediately informed Mr. Reese and Steven Caniglia (Mr. Yandell's replacement, VP of Operations) of the mobilization. Their reaction consisted of words to the effect of, "ok we will adjust and plan accordingly." At that meeting Mr. Caniglia said that upon Mr. Gutting's return he (Gutting) would likely be taking more of an office roll to further his career.

2.12 The Air National Guard mobilized Mr. Gutting from June 24, 2018 through March 9, 2019. During this time Mr. Gutting served in Doha, Qatar.

2.13 Mr. Gutting honorably performed that service, timely notified SEA CON of his intent to return to work, and returned to work.

2.14 Upon his return to work Steven Caniglia asked how long Mr. Gutting intended to remain in the Washington Air National Guard, to which Mr. Gutting replied that he was unsure.

2.15 During Mr. Gutting's employment with SEA CON the company provided its employees with annual bonuses. Customarily, SEA CON paid those annual bonuses at the end of the year. Indeed, Mr. Gutting received such a bonus approximately two months after his October 2015 hire. SEA CON typically pays these bonuses in December, typically at or around the same time as the company Christmas party. The bonuses are typically 5% of salary. However, SEA CON did not give Mr. Gutting a bonus for 2018.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 3

2.16   Upon Mr. Gutting's return to work, SEA CON assigned him to manage a project in Federal Way, Washington.

2.17   Knowing that the Federal Way project would ultimately end, Mr. Gutting asked Kris Azizah about what project he would be working on next.  Mr. Azizah told Mr. Gutting that once the Federal Way projected ended Mr. Gutting would go to work on the Poulsbo RV project.

2.18   During the late-2018-to-early-2019 timeframe SEA CON hired at least five other workers who did the same or similar work as that of Mr. Gutting.  One such hire was Mark Vandenberg.

2.19   Upon information and belief, Mr. Vandenberg is not a member of the military reserves.

2.20   Mr. Gutting's work on the Federal Way project ended on or about August 27, 2019.

2.21   On August 27, 2019, Mr. Azizah and Mr. Reese told Mr. Gutting that he was being "laid off."

2.22   Upon information and belief, Mr. Gutting was the only employee that SEA CON laid off in 2019.

2.23   SEA CON made a profit in 2019.

2.24   SEA CON hired at least one other worker in 2018/2019 and paid that worker a similar wage as to what SEA CON paid Mr. Gutting in 2019.

2.25   At all times relevant hereto, SEA CON maintained a posted notice where employers customarily place notices for employees as required by 38 U.S.C. § 4334.

2.26   At all times relevant hereto, SEA CON maintained policies that prohibit unlawful discrimination.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 4

2.27    At all times relevant hereto, SEA CON had a duty to conduct itself in compliance of the law, including the USERRA and ensure its agents followed the Act.  The above actions by SEA CON, and its agents breached those duties and are the proximate cause of Mr. Gutting's damages.

### III.  CAUSES OF ACTION

### CAUSE OF ACTION NO. 1 - VIOLATION OF 38 U.S.C. § 4311

3.1    Defendant violated 38 U.S.C. § 4311 of USERRA, among other ways, by discriminating against Mr. Gutting when Defendant denied him his bonus (for calendar year 2018) and fired him (in 2019) partly because of his membership, service, or obligation to perform service in the uniformed service.

3.2    Defendant's actions caused Mr. Gutting damages in an amount to be proven at trial.

### CAUSE OF ACTION NO. 2 – VIOLATION OF 38 U.S.C. § 4316

3.3    Defendant violated USERRA's benefit protections statute by denying Mr. Gutting benefits of employment in 2018.  Without limitation, Defendant violated § 4316 by failing to pay Mr. Gutting the annual bonus as required by the law.

3.4    Defendant further violated USERRA, 38 U.S.C. § 4316(c)(1) by firing Mr. Gutting within a year of his return from military duty.

3.5    Defendant's actions caused Mr. Gutting damages in an amount to be proven at trial.

### CAUSE OF ACTION NO. 3 - VIOLATION OF THE WASHINGTON LAW AGAINST DISCRIMINATION RCW §§ 49.60.030 & 180

3.6    The Defendant violated the Washington Law Against Discrimination by denying Mr. Gutting his annual bonus for 2018 and terminating his employment in 2019.

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 5

3.7     Defendant's actions caused Mr. Gutting damages in an amount to be proven at trial.

### CLAIM FOR LIQUIDATED DAMAGES

3.8     The Defendant either knew or showed reckless disregard for whether its conduct was prohibited under the provisions of USERRA, and its conduct was willful as defined by 38 U.S.C. § 4323(d), 20 C.F.R. § 1002.312(c), because Defendant knew or should have known that its intended actions violated the law and the Defendant carried out said illegal conduct with knowledge and responsibility.

3.9     To the extent that any contract, agreement, collective bargaining agreement, policy or practice of the Defendant constitutes any limitation on Mr. Gutting's rights under USERRA, it is illegal, null and void, inapplicable and of no force or effect pursuant to 38 U.S.C. § 4302.

### IV.     PRAYER FOR RELIEF

4.1     Plaintiff respectfully demands a jury trial as to his USERRA and his state law claims and further to be awarded compensation for all injury and damage suffered. To wit:

   a. both economic and non-economic damages in the amount to be proven at trial including back pay, front pay, lost benefits of employment, negative tax consequences of any award;

   b. liquidated damages, exemplary damages, general damages and punitive damages as provided by law; and,

   c. reasonable attorney and expert fees, and costs, pursuant to 38 U.S.C. § 4323 and as otherwise provided by law.

4.2     Under USERRA, a court may order equitable remedies, including reinstatement and recoupment of any loss of wages or benefits. 38 U.S.C. § 4323(d)(1) (A, B).

4.3 USERRA also empowers a court to use "its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits" of the service member. *Id*. § 4323(e). A court may award the prevailing party reasonable attorneys' fees, expert witness fees, and other litigation expenses. *Id*. § 4323(h)(2).

4.4 Based on the violations discussed previously, Plaintiff asks the Court for the following:

    a. Declare that Defendant's failure to pay the 2018 bonus and the 2019 employment termination was unlawful and violated USERRA, 38 U.S.C. §§ 4311(a) & 4316;

    b. Declare that Defendant's violations of USERRA were willful pursuant to, 38 U.S.C. § 4323(d)(1)(C);

    c. Award plaintiff general damages.

    d. Order such other relief as may be just and proper.

DATED this 10th day of March 2020.

*/s Matthew Crotty*
MATTHEW Z. CROTTY
Crotty & Son Law Firm, PLLC
905 West Riverside, Suite 404
Spokane, WA 99201
Telephone: 509.850.7011

*/s Thomas G. Jarrard*
THOMAS G. JARRARD
The Law Office of Thomas G. Jarrard, PLLC
1020 N. Washington
Spokane, WA 99201
425-239-7290

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL - 7