UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CALEB GUTTING,

Plaintiff,

v.

SEA CON LLC,

Defendant.

Case No. C20-381 RSL-TLF

REPORT AND RECOMMENDATION

Noted for May 28, 2021

This matter comes before the Court on plaintiff's motion for partial summary judgment. Dkt. 22. The parties have fully briefed the pending motion. Dkt. 22-26.

The Court should deny plaintiff's motion because there are genuine disputes of material fact concerning whether the 2018 cash-bonuses were a reward for length of service and whether defendant's policies, customs or practices established the 2018 bonuses as a seniority-based benefit. Genuine disputes of material fact also remain concerning whether defendant terminated plaintiff for cause as defined in 20 C.F.R. § 1002.248(b).

FACTUAL AND PROCEDURAL BACKGROUND

The parties agree that defendant employed plaintiff as a construction superintendent and terminated his employment on August 27, 2019. First Amended Complaint, Dkt. 17 at ¶¶ 2.2, 2.3, 2.22; Declaration of Caleb Gutting, Dkt. 22-1 at ¶¶ 3, 10; Motion for Partial Summary Judgment, Dkt. 22 at 2-3; Defendant's Opposition Dkt.

23 at 2. During the employment, plaintiff served in the Washington Air National Guard and was deployed from June 24, 2018 through March 9, 2019. Declaration of Caleb Gutting Dkt. 22-1 at ¶¶ 4-5; Dkt. 22 at 2; Dkt. 23 at 2.

Plaintiff alleges that defendant paid cash bonuses to all employees in December 2018. Dkt. 22 at 2. And, plaintiff maintains that defendant did not award him a cash bonus for the calendar year of 2018 or upon his return from deployment. Declaration of Caleb Gutting, Dkt. 22-1 at ¶ 6-7.

Robert Howie, defendant's President, explained that defendant determines employee cash bonuses at the end of the year based on a straight percentage of the employee's end-of-year salary. Deposition of Robert Howie, Dkt. 22-5 at 6. Mr. Howie also explained, employees must be present and employed at the end of the year to be eligible for a cash bonus. Deposition of Robert Howie, Dkt. 22-5 at 6, 9.

Plaintiff asserts that when he returned from deployment in 2019, he continued to work for defendant as a construction superintendent for a commercial bank tenant improvement project for Washington Federal Bank. Declaration of Caleb Gutting, Dkt. 22-1 at ¶ 9; Dkt. 23 at 2. On August 27, 2019 plaintiff was terminated. Declaration of Caleb Gutting, Dkt. 22-1 at ¶ 10. Mr. Howie stated that plaintiff was terminated due to a reduction in force and that plaintiff's position was being eliminated based on a merit evaluation. Deposition of Robert Howie, Dkt. 22-5 at 8-9. Mr. Howie also indicated that plaintiff was not terminated as a result of willful misconduct or criminal misconduct. Deposition of Robert Howie, Dkt. 22-5 at 8.

DISCUSSION

Summary judgment is supported if the materials in the record "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure (FRCP) 56 (a),(c). The moving party bears the initial burden to demonstrate the absence of a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute concerning a material fact is presented when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). In this context, materiality means the fact is one that is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit"; thus, materiality is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The non-moving party is required to show that genuine issues of material fact "'can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party.'" California Architectural Building Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987) (quoting *Anderson,* 477 U.S. at 250) (emphasis in original). When the Court considers a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Anderson,* at 255. Yet the Court is not allowed to perform the jury's function – the Court may not weigh evidence, draw legitimate inferences from facts, or decide credibility. *Id*. If the moving party meets their initial burden, an adverse party may not rest upon the mere allegations or denials of his pleading; his or her

response, by affidavits or as otherwise provided in FRCP 56, must set forth specific facts showing there is a genuine issue for trial. FRCP 56(c). The Court may not disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck & Co.,* 784 F.3d 495, 497 (9th Cir. 2015). "The district court can disregard a self-serving declaration that states only conclusions and not facts that would be admissible evidence." *Id.*

The Uniformed Services Employment and Reemployment Rights Act (USERRA) is designed to protect military servicemembers from employment discrimination and to minimize disadvantages to their civilian careers and disruption to their lives because of military service. *See*, 38 U.S.C. § 4301. "Sections 4312 and 4313 […] entitle veterans to reemployment after military service and prescribe the positions to which they are entitled upon returning." *See, Hanson v. County of Kitsap*, 21 F. Supp. 3d 1124, 1136 (W.D. Wash., 2014) (internal citation omitted). However, USERRA recognizes the economic reality that situations exist where it may be impossible or unreasonable for a business to provide reemployment. *See*, 38 U.S.C. § 4312(d). Accordingly, Section 4312(d)(1)-(2) provides that if circumstances have changed such that reemployment would be impossible, unreasonable or would impose an undue hardship on the employer, reemployment is not required. 38 U.S.C. § 4312(d)(1)-(2). The employer seeking to invoke this exemption bears the burden of proving impossibility, unreasonableness or undue hardship. 38 U.S.C. § 4312(d)(2).

Pursuant to 38 U.S.C. § 4316(a), "a person who is reemployed under this chapter is entitled to the seniority and other rights and benefits determined by seniority that the person had on the date of the commencement of service in the uniformed service plus

the additional seniority and rights and benefits that such person would have attained if the person had remained continuously employed." Further, a person reemployed under USERRA shall not be terminated, without cause, within one year after the date of reemployment if the person served in the military for more than 180 days before reemployment. 38 U.S.C. § 4316(c).

A. 38 U.S.C. § 4316(a) – Cash Bonuses

Plaintiff's motion argues that defendant violated 38 U.S.C. § 4316(a) by failing to pay plaintiff a cash bonus for the calendar year 2018. Dkt. 22 at 11-14. For the reasons discussed herein, the Court should deny plaintiff's motion for summary judgment regarding plaintiff's cash-bonus claims.

Under Section 4316, a person reemployed under USERRA is entitled to the same seniority and seniority-based benefits that the person had on the date they commenced military service plus additional seniority and seniority-based benefits the person would have attained had they remained continuously employed. 38 U.S.C. § 4316(a).

USERRA does not require an employer to provide a seniority system or provide seniority-based benefits, rather USERRA requires only that employers who do use a seniority system restore returning service members to their proper place in the system. 20 C.F.R. § 1002.211; *Rogers v. City of San Antonio*, 392 F.3d 758, 764 (5th Cir. 2004). Seniority is defined as "longevity in employment together with any benefits of employment which accrue with, or are determined, by longevity in employment." *Huhmann v. Fed. Express Corp.*, 874 F.3d 1102, 1111 (9th Cir. 2017) (quoting 38 U.S.C. § 4303(12)). A seniority-based benefit can be established by a formal seniority

system or an employer's customs and practices. *See*, 20 C.F.R. § 1002.211 ("In the absence of a formal seniority system […] USERRA looks to the custom and practice in the place of employment to determine the employee's entitlement to any employment benefits that accrue with, or are determined by, longevity in employment.").

"[A] benefit is seniority-based if it 'would have accrued, with reasonable certainty, had the veteran been continuously employed by the private employer, and if it is in the nature of a reward for length of service.'" *Huhmann*, 874 F.3d at 1111 (quoting *Alabama Power Co. v. Davis*, 431 U.S. 581, 589 (1977)). To determine whether the 2018 cash bonuses were seniority-based benefits, the jury would be asked to consider the following factors:

> (a) Whether the right or benefit is a reward for length of service rather than a form of short-term compensation for work performed;
>
> (b) Whether it is reasonably certain that the employee would have received the right or benefit if he or she had remained continuously employed during the period of service; and
>
> (c) Whether it is the employer's actual custom or practice to provide or withhold the right or benefit as a reward for length of service. Provisions of an employment contract or policies in the employee handbook are not controlling if the employer's actual custom or practice is difference from what is written in the contract or handbook.

20 C.F.R. § 1002.212

Plaintiff argues he was entitled to a cash bonus for 2018 as a seniority-based benefit. Dkt. 22 at 12-13. Plaintiff also maintains that the cash bonus was a reasonable certainty because all employees received a 2018 cash bonus based on a percentage of their annual salary. Dkt. 22 at 12-13. Next, plaintiff contends that the 2018 cash bonus

was based on longevity of service because it was contingent on plaintiff being present and employed at the end of the year. Dkt. 22 at 13.

Defendant's President, Robert Howie, explained that defendant determines cash bonuses at the end of the year based on a straight percentage of the employee's end-of -year salary. Deposition of Robert Howie, Dkt. 22-5 at 6. Mr. Howie also explained that in order to be eligible for a cash bonus, employees must be present at the end of the year. Deposition of Robert Howie, Dkt. 22-5 at 6, 9.

To determine whether the 2018 cash bonuses were a seniority-based benefit, the jury would need to weigh evidence relating to whether the bonus was a reward for length of service. The jury would also be required to determine whether it was reasonably certain that plaintiff would have received the cash bonus if he had remained continuously employed during the period in question. Additionally, the jury would need to consider whether defendant had a formal seniority system and whether defendant's customs and practices made the 2018 bonuses a seniority-based benefit.

Defendant has provided deposition testimony that the 2018 bonuses were based on an employee's end-of-year salary, but contends that plaintiff was on furlough (unpaid leave of absence). Dkt. 23 at 6. Taken in the light most favorable to the non-moving party, a reasonable jury could find that the 2018 bonuses were not a reward for length of service, but instead the bonuses were a form of short-term compensation; and that no policy, custom or practice established the 2018 bonuses as a seniority-based benefit. 20 C.F.R. § 1002.212.

Plaintiff argues the Court should find as a matter of law that the 2018 bonuses were a seniority-based benefit, relying on *Huhmann v. Fed. Express Corp.*, 874 F.3d

1102 (9th Cir. 2017). Dkt. 22 at 12-14. In *Huhman*, the Ninth Circuit determined that bonuses paid to employees were seniority-based benefits. Yet, this case is distinguishable from the situation presented in *Huhmann*.

In *Huhmann*, the employer gave employees hired during a defined period and employees who went on leave during that period, a prorated bonus based on the number of months on active pay status during the period. *Huhmann*, 874 F.3d at 1111-12. Employees on active pay status during the entire period received the entire bonus amount. *Id*. The Ninth Circuit determined that the bonus was a reward for length of service because the bonus amount depended on the number of months an employee was on active pay status during the defined period. *Id*. Therefore, the Court held that the year-end bonus was a seniority-based benefit. *Id*. Additionally, the Ninth Circuit noted that plaintiff was considered an active status employee because, as part of a collective bargaining agreement, the employer had agreed to treat military leave as continued active service status. *Huhmann*, 874 F.3d at 1111 n. 7.

In *Huhmann,* the Ninth Circuit affirmed the district court's decision that the end of year bonuses in question were seniority-based benefits because the amount paid was based on longevity of employment over a defined period. 874 F.3d at 1111. But, in the present case, there is no evidence in the record that defendant calculated cash-bonuses based on the amount of time worked in a given year. Further, there is no evidence in the record that defendant agreed to treat plaintiff's military leave as continued active status employment. Accordingly, this case is distinguishable from *Huhmann*.

Based on the foregoing discussion, the Court should deny plaintiff's motion for partial summary judgment because genuine disputes of material fact remain regarding whether the 2018 cash bonuses were seniority-based benefits.

B. <u>38 U.S.C. § 4316(c) – Termination Without Cause</u>

Plaintiff's motion argues that defendant violated 38 U.S.C. § 4316(c) by discharging plaintiff within one year of his return to work without cause. Dkt. 22 at 8-11. For the reasons discussed herein, the Court should deny plaintiff's motion for summary judgment regarding plaintiff's Section 4316(c) claims.

Pursuant to 38 U.S.C. § 4316, an employer is prohibited from terminating an employee, without cause, within one year after returning from military leave, if the veteran served for more than 180 days. *See, Lawrence J. Marino & Mary Ann Marino Living Trust v. Akal Sec. Inc.*, 377 Fed. Appx. 683, 685 (9th Cir. 2010) (unpublished) (citing 38 U.S.C. § 4316(c)); 20 C.F.R. § 1002.247(b).

An employee reemployed under USERRA may be discharged for cause based on conduct or in some circumstances, because of other legitimate nondiscriminatory reasons. 20 C.F.R. § 1002.248. If an employee is discharged based on conduct, the employer bears the burden of proving that it is reasonable to discharge the employee based on the conduct alleged and that plaintiff had notice the conduct would constitute cause for discharge. 20 C.F.R. § 1002.248(a). Other legitimate nondiscriminatory reasons to discharge an employee include -- if the employer can establish that the employee's position was eliminated, or that the employee was placed on layoff status. 20 C.F.R. § 1002.248(b).

It is undisputed that plaintiff was on military leave from his employment from June 24, 2018 until March 9, 2019. Dkt. 22 at 2; Dkt. 23 at 2. It is also undisputed that when plaintiff returned from deployment, he was reemployed in 2019. Dkt. 22 at 3; Dkt. 23 at 2. Accordingly, because plaintiff was on military leave for longer than 180 days, defendant could not terminate plaintiff within one year of reemployment without cause. 38 U.S.C. § 4316(c). It is undisputed that defendant terminated plaintiff on August 27, 2019 -- within one year of his reemployment. Declaration of Caleb Gutting Dkt. 22-1 at ¶ 10.

Plaintiff states that defendant informed him that was he terminated due to a reduction in force. Declaration of Caleb Gutting, Dkt. 22-1 at ¶ 10. Mr. Howie explained, during his deposition, that a reduction in force means that defendant had more employees than necessary to build the backlog of work. Deposition of Robert Howie, Dkt. 22-5 at 5. Mr. Howie stated that plaintiff was terminated due to a reduction in force and that plaintiff's position was terminated based on merit. Deposition of Robert Howie, Dkt. 22-5 at 8; Deposition of Robert Howie, Dkt. 24-2 at 5. Further, Mr. Howie alleges that defendant determined "merit" by considering an employee's capabilities, potential and skills. *Id*. Additionally, Kris Azizeh, one of defendant's project managers, stated that he was asked to inform plaintiff that he was being terminated. Deposition of Kris Azizeh, Dkt. 22-6 at 5. Mr. Azizeh testified he was told that plaintiff was terminated due to lack of work because there were no other projects for plaintiff to work on. *Id*.

Plaintiff argues that defendant's contention of a reduction in force is a pretextual reason and therefore insufficient to establish cause for termination. Dkt. 22 at 10-11. Plaintiff stated in his deposition that, after he was terminated, defendant posted a

position for project manager. Deposition of Caleb Gutting, Dkt. 22-3 at 4.[1] Plaintiff also stated that he believed that he was qualified for the position of project manager. *Id*. at 5.

Plaintiff alleges that defendant was profitable in 2019 and had the financial capacity to retain plaintiff in 2019. Dkt. 22 at 4, 10. Plaintiff contends that defendant hired two new employees after terminating plaintiff. Dkt. 22 at 5. These new hires were for the positions of project engineer and leasing agent. Employee Termination Records, Dkt. 22-7. Finally, plaintiff argues that it was feasible for defendant to transfer plaintiff from a superintendent position to an available project engineer position. Dkt. 22 at 10.

Genuine disputes of material fact remain regarding plaintiff's Section 4316(c) claims. The jury would be asked to determine whether defendant had sufficient cause to discharge plaintiff as defined in 20 C.F.R. § 1002.248. Defendant has produced deposition testimony indicating that plaintiff was terminated due to a reduction in force and that plaintiff's position was terminated because defendant had no new projects. The elimination of a position is sufficient good cause to terminate an employee reemployed under USERRA. 20 C.F.R. § 1002.248.

Plaintiff argues that defendant's contention that plaintiff was terminated due to a reduction in force is disingenuous because, defendant was profitable in 2019, hired employees in other positions, and could have promoted plaintiff. Yet, the Court is not allowed to perform the jury's function – the Court may not weigh evidence, draw legitimate inferences from facts, or decide credibility. *Anderson*, 477 U.S. at 255.

[1] Before his termination, plaintiff worked in the position of construction superintendent, and was not a project manager. Dkt. 22-1 at ¶ 9.

Taken in the light most favorable to the non-moving party, a reasonable jury could find that defendant terminated plaintiff with cause because plaintiff's position was eliminated, and the defense has asserted (in deposition) there were also merit-based considerations. 20 C.F.R. § 1002.248(b).

Accordingly, because genuine disputes of material fact related to whether defendant had cause to terminate plaintiff remain, the Court should deny plaintiff's motion for summary judgment on plaintiff's 38 U.S.C. § 4316(c) claims.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends that the Court deny plaintiff's motion for partial summary judgment (Dkt. 22).

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b)(2). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). If objections are filed, the parties shall have **fourteen (14) days** from the service of the objections to file a response. FRCP 72(b)(2). Accommodating this time limitation, this matter shall be set for consideration on May 28, 2021, as noted in the caption.

Dated this 12th day of May, 2021.

Theresa L. Fricke
United States Magistrate Judge